# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN ROSE CABALONA MILAN,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　Defendant. | Case No. 1:24-cv-01161-SAB<br><br>ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 11, 16) |

**I.**

**INTRODUCTION**

Plaintiff Jaclyn Rose Cabalona Milan ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.

Plaintiff requests the decision of Commissioner be vacated and the case be remanded for further proceedings, arguing that the Administrative Law Judge's ("ALJ") assessment of Plaintiff's mental residual functional capacity ("MRFC") is not supported by substantial evidence. Specifically, Plaintiff argues the ALJ found Pauline Bonilla, Psy.D.'s opinion partially persuasive, but failed to provide sufficient reasons for rejecting parts of the opinion and failed to incorporate any persuasive findings into Plaintiff's MRFC.

For the reasons explained herein, the Court will reverse the decision of the Commissioner and remand to the agency for further proceedings. 42 U.S.C. 405(g).

## II.

## BACKGROUND

### A.   Procedural History

On April 8, 2021, Plaintiff protectively filed a Title XVI application for supplemental security income. (ECF No. 10-11, Administrative Record ("AR"), 26.) Plaintiff alleged disability beginning on October 1, 2005. (Id.) Plaintiff's application was initially denied on December 10, 2021, and denied upon reconsideration on March 23, 2022. (Id.) On April 27, 2022, Plaintiff requested a hearing before an ALJ. (Id.) On March 29, 2023, Plaintiff, represented by counsel, appeared for a telephonic hearing in front of an ALJ where Plaintiff and a vocation expert testified. (Id.) At the hearing, the claimant, through her attorney, amended the alleged onset date from October 1, 2005 to April 8, 2021. (Id.) On August 21, 2023, the ALJ issued a decision concluding that Plaintiff was not disabled. (AR 26-37.) On April 3, 2024, the Appeals Council denied Plaintiff's request for review. (AR 10-12.)

### B.   The ALJ's Findings of Fact and Conclusions of Law

In the decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 8, 2021, the alleged onset date. (AR 29) The ALJ found that Plaintiff had the following severe impairments: diabetes mellitus type II, bipolar disorder, and generalized anxiety disorder. (Id.) However, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed in impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 30.)

After considering the entire record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except the claimant should avoid all hazards such as unprotected heights and moving machinery; she can understand, remember, and carry out simple and detailed work instructions; and she can tolerate up to frequent interaction with coworkers, supervisors, and the public. (AR 31.)

The ALJ then found that that Plaintiff had no past relevant work, was 41 years old on the

alleged onset date, and has at least a high school education. (AR 33.) The ALJ discussed that transferability of job skills was not material to the determination of disability because Plaintiff did not have past relevant work. (Id.) Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 36-37.) Accordingly, the ALJ concluded that Plaintiff had not been under disability, as defined by the Social Security Act, from April 8, 2021, through the date of the decision, August 21, 2023. (AR 37.)

Plaintiff sought timely review of the Commissioner's decision in the federal courts. (ECF No. 1.) The parties consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 7, 8, 9.) Thereafter, the parties filed their briefs on the matter.[1]

## III.

## LEGAL STANDARD

### A. The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five-step sequential evaluation process to be used in determining whether a claimant is disabled. 20 C.F.R. § 404.1520,[2] Batson v. Comm'r

---

[1] On December 1, 2022, the Supplemental Rules for Social Security became effective. Rule 5 states, "[t]he action is presented for decision by the parties' briefs." Fed. R. Civ. P. Appx. Rule 5. The 2022 Advisory Committee noted that "Rule 5 states the procedure for presenting for decision on the merits a [42 U.S.C.] § 405(g) review action that is governed by the Supplemental Rules." Fed. R. Civ. P. Appx. Rule 5 advisory committee note 2022. Like an appeal, "the briefs present the action for decision on the merits. This procedure displaces summary judgment or such devices as a joint statement of facts as the means of review on the administrative record." Id. The 2022 Advisory Committee unambiguously clarified that "Rule 5 also displaces local rules or practices that are inconsistent with the simplified procedure established by these Supplemental Rules for treating the action as one for review on the administrative record." Id. Here, Plaintiff filed a motion for summary judgment and Defendant filed a response, which the Court construes as briefs in support of each party's position on whether the Court should affirm, modify, or reverse the decision of the Commissioner. 42 U.S.C. § 405(g).

[2] The regulations which apply to disability insurance benefits, 20 C.F.R. §§ 404.1501 et seq., and the regulations which apply to SSI benefits, 20 C.F.R. §§ 416.901 et seq., are generally the same for both types of benefits. Accordingly, to the extent cases cited herein may reference one or both sets of regulations, the Court notes these cases and regulations are applicable to the instant matter.

of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006). The burden of proof is on the claimant at steps one through four. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020). A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).[3] "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c).

At step five, the burden shifts to the Commissioner, who must then show that there are a

---

[3] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not carry the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To do this, the ALJ can use either the Medical Vocational Guidelines ("grids") or rely upon the testimony of a VE. See 20 C.F.R. § 404 Subpart P, Appendix 2; Lounsburry, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" Ford, 950 F.3d at 1149 (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

### B.     Standard of Review

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to affirm, modify, or reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Further, the Court's review of the Commissioner's decision is a limited one; the Court may not disturb the Commissioner's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "[T]he threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Rather, "[s]ubstantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Stiffler v. O'Malley, 102 F.4th 1102, 1106 (9th Cir. 2024) (quoting Ford, 950 F.3d at 1154). In other words, "[s]ubstantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

Should the ALJ err, the Court will not reverse where the error was harmless. Stout, 454 F.3d at 1055-56. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023) (quoting Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020)). The burden of showing that an error is not harmless

"normally falls upon the party attacking the agency's determination." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

Finally, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Nor may the Court affirm the ALJ on a ground upon which he or she did not rely; rather, the Court may review only the reasons stated by the ALJ in his decision. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). It is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Ford, 950 F.3d at 1154 (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

## IV.

## DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ erred by purporting to find Pauline Bonilla, Psy.D. partially persuasive, but failing to provide sufficient reasons for rejecting parts of Dr. Bonilla's opinion and failing to incorporate all Dr. Bonilla's opined limitations that the ALJ found persuasive into Plaintiff's MRFC.

Where, as here, a claim is filed after March 27, 2017, the revised Social Security Administration regulations apply to the ALJ's consideration of the medical evidence. See Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions), 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the updated regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Thus, the new regulations require an ALJ to apply the same factors to all medical sources when considering medical opinions, and no longer mandate particularized procedures that the ALJ must follow in considering opinions from treating sources. See 20 C.F.R. §

1  404.1520c(b) (the ALJ "is not required to articulate how [he] considered each medical opinion or
2  prior administrative medical finding from one medical source individually."); Trevizo v.
3  Berryhill, 871 F.3d 664, 675 (9th Cir. 2017).  As recently acknowledged by the Ninth Circuit,
4  this means the 2017 revised Social Security regulations abrogate prior precedents requiring an
5  ALJ to provide "clear and convincing reasons" to reject the opinion of a treating physician where
6  uncontradicted by other evidence, or otherwise to provide "specific and legitimate reasons
7  supported by substantial evidence in the record, " where contradictory evidence is present.
8  Woods v. Kijakazi, 32 F.4th 785, 788–92 (9th Cir. 2022).

9  Instead, "[w]hen a medical source provides one or more medical opinions or prior
10 administrative medical findings, [the ALJ] will consider those medical opinions or prior
11 administrative medical findings from that medical source together using" the following factors:
12 (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; [and] (5)
13 other factors that "tend to support or contradict a medical opinion or prior administrative medical
14 finding."  20 C.F.R. §§ 404.1520c(a), (c)(1)–(5).  The most important factors to be applied in
15 evaluating the persuasiveness of medical opinions and prior administrative medical findings are
16 supportability and consistency.  20 C.F.R. §§ 404.1520c(a), (b)(2).  Regarding the supportability
17 factor, the regulation provides that the "more relevant the objective medical evidence and
18 supporting explanations presented by a medical source are to support his or her medical
19 opinion(s), the more persuasive the medical opinions … will be."  20 C.F.R. § 404.1520c(c)(1).
20 Regarding the consistency factor, the "more consistent a medical opinion(s) is with the evidence
21 from other medical sources and nonmedical sources in the claim, the more persuasive the
22 medical opinion(s) … will be."  20 C.F.R. § 404.1520c(c)(2).

23 Accordingly, the ALJ must explain in his decision how persuasive he finds a medical
24 opinion and/or a prior administrative medical finding based on these two factors.  20 C.F.R. §
25 404.1520c(b)(2).  The ALJ "may, but [is] not required to, explain how [she] considered the
26 [other remaining factors]," except when deciding among differing yet equally persuasive
27 opinions or findings on the same issue.  20 C.F.R. §§ 404.1520c(b)(2)–(3).  Further, the ALJ is
28 "not required to articulate how [she] considered evidence from nonmedical sources."  20 C.F.R.

§ 404.1520c(d). Nonetheless, even under the new regulatory framework, the Court still must determine whether the ALJ adequately explained how he considered the supportability and consistency factors relative to medical opinions and whether the reasons were free from legal error and supported by substantial evidence. See Martinez V. v. Saul, No. CV 20-5675-KS, 2021 WL 1947238, at *3 (C.D. Cal. May 14, 2021); Woods, 32 F.4th at 792 (the ALJ "must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, id. § 404.1520c(b)(2).").

On November 7, 2021, consultative psychologist Pauline Bonilla, Psy.D. completed a psychological evaluation of Plaintiff and opined she is (1) moderately impaired in her ability to perform detailed and complex tasks; (2) moderately impaired to complete a normal workday/workweek without interruption from a psychiatric condition; (3) moderately impaired to deal with stress and change encountered in the workplace; and (4) has a moderate likelihood of emotionally deteriorating in a work environment. (AR 790.) The ALJ found Dr. Bonilla's opinion partially persuasive. (AR 35.) The ALJ determined Dr. Bonilla's four limitations "correspond with moderate limitation in understanding, remembering, and applying information; in maintaining concentration, persistence, and pace; and in adapting and managing oneself." (Id.) The ALJ then found that "[t]o the extent [Dr. Bonilla's] opinion limited the claimant in applying information and in concentration, persistence, and pace, it was consistent with the medical record, prior administrative medical findings [(AR 159)], testimony of the claimant, and the overall evidence." (Id.) The ALJ, however, found Dr. Bonilla "overstated [Plaintiff]'s limitation in adapting and managing oneself." (Id.) The ALJ explained that "[t]his part of the opinion was inconsistent with prior administrative medical findings and was less persuasive. The medical record showed the claimant was well able to manage herself, and she was planning to return to school soon for her LVN ([AR 937, 941])." (Id.) The ALJ therefore found Dr. Bonilla's persuasive to the extent it moderately limited Plaintiff's ability in applying information *and* in concentration, persistence, and pace, and less persuasive to the extent it limited Plaintiff's ability in adapting and managing oneself.

8

Plaintiff first argues that the ALJ erred by finding one or more of Dr. Bonilla's moderate limitations partially persuasive but failing to adequately account for which modifications he was purportedly accepting and which he was rejecting. (ECF No. 11 at 5.) The Court agrees it is not entirely clear as to which of Dr. Bonilla's moderate limitations the ALJ considered to correspond with limitations in "understanding, remembering, and applying information"; which he considered to be "maintaining concentration, persistence, and pace"; and which he considered to be categorized as "adapting and managing oneself." (AR 35.) However, in his analysis of Paragraph B criteria, the ALJ appears to define some limitations.[4] (AR 30-31.) The ALJ explains that "understanding, remembering, and applying information," at least in terms of examining the degree of limitation, reaches limitations regarding instructions. (AR 30.) The ALJ specifically cited Dr. Bonilla's abnormal objective findings in her psychological evaluation when the ALJ determined Plaintiff had a moderate limitation in understanding, remembering and completing complex instructions due to her demonstrated difficulty performing simple calculations, recent memory, and abstract thinking.[5] (AR 31 (citing AR 788-90).) As to "maintaining concentration, persistence, and pace," the ALJ considered limitations related to tasks. (AR 31.) In support, the ALJ cited Dr. Bonilla's objective findings during her mental status examination—as well as two prior administrative medical findings from Hillary Weiss, Ph.D. and Michael D'Adamo Ph.D.— when reaching his separate determination that Plaintiff is "moderately limited in maintaining concentration, persistence, and pace in performing complex tasks." (Id. (citing AR 788-89).)

The Court reasonably infers that the ALJ found Dr. Bonilla's limitation that Plaintiff was "moderately impaired in her ability to perform detailed and complex tasks" persuasive because it

---

[4] The Court acknowledges the ALJ's determination at step 3, where the ALJ examines the degree of limitation, is separate from the RFC determination, which is the most a claimant can do despite her limitations. See 20 C.F.R. § 404.1545(a). However, because the ALJ summarily finds Dr. Bonilla's moderate limitations "correspond with moderate limitation in understanding, remembering, and applying information; in maintaining concentration, persistence, and pace; and in adapting and managing oneself" without definition, the Court refers to the ALJ's analysis at Step 3 only for attempted clarity in defining which of Dr. Bonilla's limitations the ALJ found persuasive and which he found less persuasive.

[5] Dr. Bonilla found Plaintiff's ability to accept instruction from a supervisor was mildly impaired. (AR 790.) The ALJ found Plaintiff was moderately limited in interacting with others based upon other medical records, primarily a March 6, 2023 letter by Lafayette Webster III, a mental health specialist at Turning Point of Central California, Inc. (AR 35 (citing AR 918, finding the letter "is not clear as to the limits of [Plaintiff's] social interaction," but nonetheless finding that "frequent interaction sufficiently accounts for the claimant's symptoms.").)

1  relates to a limitation in "maintaining concentration, persistence, and pace." (AR 31, 35.)
2  Notably, however, the MRFC limiting Plaintiff to "understand[ing], remember[ing], and
3  carry[ing] out simple and detailed work *instructions*" and "tolerat[ing] up to frequent interaction
4  with coworkers, supervisors, and the public" does not account for Dr. Bonilla's persuasive
5  opinion regarding Plaintiff's limitations in performing complex tasks.  The ALJ provides no
6  reason for the omission of any limitation related to "concentration, persistence, and pace," even
7  though he appears to have found such limitation persuasive.  As stated, the ALJ cited Dr.
8  Bonilla's moderate limitation when reaching a similar limitation in his own findings in
9  discussing Paragraph B criteria. (See AR 31.) In opposition, Defendant correctly argues that
10 Plaintiff does not challenge the ALJ's finding that Plaintiff had moderate limitations in
11 concentrating, persisting, or maintaining pace. (ECF No. 16 at 6-7.) However, this does not
12 negate the main issue presented by Plaintiff that "the ALJ failed to properly account for [Dr.
13 Bonilla's] 'moderate' limitations in the RFC," including Dr. Bonilla's moderate limitation on
14 Plaintiff's ability to "perform detailed and complex tasks." (ECF No. 11 at 6.)

15        Defendant further argues that "[t]he ALJ's RFC finding was also supported in part by the
16 State agency psychological consultants' findings that Plaintiff could sustain simple and detailed
17 *tasks*." (ECF No. 16 at 6 (citing AR 161, 182) (emphasis added).) The Court agrees that state
18 agency medical consultant psychologist Hillary Weiss, Ph.D. opined on December 6, 2021 that
19 Plaintiff could sustain simple and detailed tasks. (AR 24 (citing AR 159).) Dr. Weiss reached
20 this assessment by concluding, like Dr. Bonilla, Plaintiff had moderate limitations in
21 concentration, persistence, and maintaining pace. (AR 159.) Dr. Weiss explained that Plaintiff
22 "can sustain semiskilled tasks [with limited public contact]." (AR 160.) Dr. Weiss separately
23 concluded that Plaintiff had a mild limitation in applying information. (AR 159.) On March 4,
24 2022, state agency medical consultant psychologist Michael D'Adamo Ph.D. "affirmed the prior
25 administrative findings of Dr. Weiss." (AR 35 (citing AR 180).) In finding Dr. D'Adamo
26 persuasive, the ALJ specifically cited the record where Dr. D'Adamo affirmed Dr. Weiss'
27 finding that Plaintiff "can sustain simple & detailed tasks," and noted that "[concentration,
28 persistence, and pace] likely to decline for complex tasks where [Plaintiff] is responsible for

freq[uent] decision-making & judgment calls." (AR 29 (citing AR 187).)  Dr. D'Adamo, like Dr. Weiss, ultimately found Plaintiff was moderately limited in concentration and persistence capacities and mildly limited in her ability to apply information. (AR 181, 187.)  Thus, the Court agrees with Defendant's observation that state agency psychological consultants found Plaintiff could sustain simple and detailed tasks. The Court is unpersuaded, however, that the assessed MRFC is supported by this limitation given the MRFC is silent as to any limitation to performance of simple and detailed *tasks*. The MRFC only limits Plaintiff's ability to understand, remember, and carry out simple and detailed work *instructions* (i.e., applying information) and tolerate up to frequent interaction with others.  (AR 31.)

The question "is whether the ALJ, having accepted [the] opinion, appropriately translated the moderate limitations from that opinion into concrete restrictions in the RFC." Harrell v. Kijakazi, 2021 WL 4429416, at *6-7 (E.D. Cal. Sept. 27, 2021) ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC.").  Plaintiff and Defendant agree that an ALJ's RFC findings need only be consistent with assessed limitations and not identical to them. (ECF No. 11 at 5; ECF No. 16 at 6); Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222-23 (9th Cir. 2010).  "This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.' " Wascovich v. Saul, 2:18-CV-659-EFB, 2019 WL 4572084, at *5 (E.D. Cal. Sept. 20, 2019); Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); Ashlock v. Kijakazi, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence.")

Having ambiguously stated he found Dr. Bonilla's opinion relating to concentration, persistence, and maintaining pace persuasive, the ALJ had an obligation to account for such opinion within the MRFC.  Although the ALJ appears to have accepted Dr. Bonilla's opinion that Plaintiff was "moderately impaired in her ability to perform…*complex tasks*", such

1 limitation—or even a consistent iteration thereof—is omitted, without explanation, from the
2 MRFC. The relevant evidence in the record as a whole—including findings by Dr. Weiss which
3 the ALJ expressly found *consistent* with Dr. Bonilla's limitations (AR 35)—supported a
4 limitation in applying information *and* in concentration, persistence and pace.  The ALJ's failure
5 to properly incorporate Dr. Bonilla's persuasive limitation related to concentration, persistence,
6 and pace into the assessed RFC, or otherwise provide reasons supported by substantial evidence
7 to reject the limitation, constitutes error.  See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886
8 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"); Byrd v.
9 Colvin, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to
10 [the] opinion, but the RFC failed to take into account all of the limitations identified by [the
11 doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a
12 result, the ALJ erred in formulating the RFC.").

13 Plaintiff next argues the ALJ erred by failing to account for Dr. Bonilla's second and
14 third moderate limitations regarding Plaintiff's abilities to "complete a normal
15 workday/workweek without interruption from a psychiatric condition" and "handl[e] work-
16 related stress" in the MRFC.  (ECF No. 11 at 7.)  The Court agrees it is unclear whether Dr.
17 Bonilla's second and third moderate limitations fall within the ALJ's ambit of persuasive
18 "concentration, persistence, and pace" limitations, necessitating their incorporation within the
19 MRFC, or whether they fall within "ability to adapt[] and manag[e] oneself," which he deemed
20 less persuasive.[6]  To the extent the ALJ found Dr. Bonilla's opinion regarding her second and/or
21 third moderate limitations persuasive, either or both should have been accounted for in the ALJ's
22 translation of the MRFC.  Failure to do so constitutes error.

23 To the extent the ALJ considered Dr. Bonilla's second and/or third moderate limitations
24 as limitations in "pace," the Court agrees with Plaintiff that the MRFC fails to account for any
25 limitation to complete a normal workday/workweek without interruption from a psychiatric

---

[6] The Court notes that Dr. D'Adamo's evaluation, which the ALJ deemed persuasive, appears to consider normal workday/workweek as a limitation in pace. (AR 187 (finding Plaintiff had a moderate limitation in "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent *pace* without an unreasonable number and length of rest periods.") (emphasis added).)

1 condition and/or deal with usual stress and change in the workplace. Plaintiff points to an
2 intradistrict split of authorities that find a limitation to "simple and detailed *tasks*," does not
3 adequately account for "moderate limitations" in a person's ability "to complete a normal
4 workday/workweek without interruption from a psychiatric condition" and "to handle work-
5 related stress." (ECF No. 11 at 7); see, e.g., Berenisia Madrigal v. Saul, 2020 WL 58289, at *5-6
6 (E.D. Cal. Jan. 6, 2020) (finding a limitation to "simple, routine *tasks* with limited peer and
7 public contact" did not accommodate a persuasive medical opinion that found "moderate
8 limitations in completing a normal workday or work week due to [the plaintiff's] psychiatric
9 condition, moderate difficulties dealing with stress and changes encountered in the workplace,
10 and…up to moderate likelihood that [the plaintiff] would emotionally deteriorate in a work
11 environment"); Slover v. Kijakazi, No. 1:21-CV-01089-ADA-BAM, 2023 WL 5488416, at *4
12 (E.D. Cal. Aug. 24, 2023) (collecting cases), report and recommendation adopted, No. 1:21-cv-
13 01089-ADA-BAM, 2023 WL 5956801 (E.D. Cal. Sept. 13, 2023); but see Messerli v. Berryhill,
14 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding a limitation to simple routine *tasks*
15 adequately accounted for moderate limitations in ability to accept instructions, interact with
16 coworkers and the public, maintain attendance, and complete a normal workday/workweek
17 without interruptions). This Court, however, need not pick a side in the intradistrict spit of the
18 authorities because, as discussed, Plaintiff's MRFC does not include *any* limitation to simple or
19 routine tasks/work, despite Dr. Bonilla, Dr. Weiss, and Dr. D'Adamo's agreement that Plaintiff
20 was moderately limited in this area. (AR 30.)

21 In a similar vein, the Court finds Plaintiff's MRFC containing limitations to
22 understanding, remembering, and carrying out simple and detailed work *instructions* and
23 tolerating up to frequent interaction with others does *not* account for moderate limitations to
24 complete a normal workday/workweek without interruption from a psychiatric condition or
25 ability to deal with usual stress and change in the workplace. (AR 31.) Accordingly, to the extent
26 the ALJ interpreted Dr. Bonilla's second and/or third moderate limitations to correspond with
27 "concentration, persistence, and *pace*," the ALJ would have found that portion of Dr. Bonilla's
28 opinion persuasive. In that case, the ALJ erred by failing to properly incorporate such opinion

into the assessed MRFC, or otherwise provide reasons supported by substantial evidence to reject it. See Harrell, 2021 WL 4429416, at *6-7.

Evidently, the Court also agrees with Plaintiff's next argument that the ALJ "is less than precise as to what specific 'moderate' limitation the ALJ is rejecting in terms of 'adapting and managing oneself.' " (ECF No. 11 at 9.) The Court, like Plaintiff, infers the ALJ determined Dr. Bonilla's opinion that there is a moderate likelihood of Plaintiff emotionally deteriorating in a work environment to correspond with "adapting and managing oneself." To that end, the ALJ found such limitation less persuasive. Accordingly, as long as the ALJ's rejection of Dr. Bonilla's opinion related to Plaintiff's ability to adapt and manage herself is supported by substantial evidence, the MRFC's omission of such opinion is not error.

The ALJ found Dr. Bonilla "overstated [Plaintiff's] limitation in adapting and managing oneself." (AR 35.) The ALJ thus found any limitations corresponding with adapting and managing oneself "less persuasive" because they are "inconsistent with prior administrative medical findings" and "[t]he medical record showed the claimant was well able to manage herself, and she was planning to return to school soon for her LVN [(AR 937, 941)]." (AR 36.) Plaintiff argues at great length that that the ALJ erred by discrediting Dr. Bonilla's opinion regarding adapting and managing oneself without proper consideration of the supportability and consistency of the opinion with the record.[7] (ECF No. 11 at 7-16.) Although Defendant provides

---

[7] Plaintiff preliminarily argues "as will be discussed herein, the ALJ appears to erroneously apply the Chavez presumption of continuing non-disability as the 'substantial evidence' of record, including the considerable evidence of record from Dr. Bonilla's examination (supportability) and the evidence of record as a whole (consistency), reveal that [Plaintiff's] psychiatric condition worsened since the prior decision and support Dr. Bonilla's 'moderate' finding that [Plaintiff] had a 'moderate' likelihood of 'emotionally deteriorating' in a work environment. (AR 9-10.) Though not entirely clear, Plaintiff appears to be arguing the ALJ failed to analyze whether there was continuing non-disability following the prior unfavorable decision on April 11, 2028. (AR 114-125); see Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988) (where the claimant files a new application for benefits following a prior final agency decision of nondisability, the prior administrative decision triggers a presumption of continuing nondisability, which the claimant has the burden to rebut by proving changed circumstances indicate a greater disability). Despite her contention that the argument would be discussed further, Plaintiff does not clearly flesh out the issue in her opening brief and elected not to file a reply brief. It is Plaintiff's burden to identify the ALJ's alleged errors. See Arik v. Astrue, No. C 08-5564 SBA, 2010 WL 6490066, at *8 n.4 (N.D. Cal. Mar. 29, 2010). Regardless, as Defendant notes, the ALJ explained that "[a]lthough the claimant alleged worsening of her impairments as the changed circumstance, each of the findings below shows actual improvement in the claimant's functioning since the unadjudicated period, and a more expansive residual functional capacity…." (AR 27.) Thus, the ALJ found Plaintiff failed to rebut the presumption of continuing non-disability by explicitly finding the record did not support Plaintiff's allegation of worsening symptoms. Critically, the ALJ found Plaintiff's functioning had *improved*, including, but not limited to, her ability in adapting and managing oneself. (Compare AR 31 with AR 118.)

14

the relevant legal standards relating to consistency and supportability in his opposition, he only generally argues the ALJ sufficiently addressed the consistency factor. (ECF No. 16 at 5, 7.) Defendant, however, fails to make any clear argument regarding the supportability factor.

As to consistency, Plaintiff argues that the ALJ erred in presumably rejecting Dr. Bonilla's moderate limitation regarding Plaintiff's likelihood of "emotional deterioration" in a work environment by selectively cherry-picking portions of the record and failing to discuss probative evidence of Plaintiff's documented significant impairment in mental health. (ECF No. 11 at 13.) In support of finding Dr. Bonilla's opinion relating to adapting and managing oneself less persuasive, the ALJ determined that Dr. Bonilla's related limitations were "inconsistent with prior administrative medical findings." (See AR 34 (finding "[Dr. Weiss and Dr. D'Adamo's] prior administrative medical finding[s] were supported by explanation and reference to the medical record. These findings were consistent with moderate limitation in concentration, persistence, and pace, the opinion of Dr. Middleton, and the claimant's generally well controlled symptoms with treatment, and are persuasive.").) Further, when rejecting Dr. Bonilla's opinion related to adapting and managing oneself, the ALJ referenced Dr. Weiss's report, which ultimately concluded Plaintiff was mildly limited in adapting and managing herself. (AR 159.) Plaintiff does not challenge that Dr. Bonilla's opinion related to adapting and managing oneself is inconsistent with the prior administrative medical findings.

Instead, Plaintiff challenges the ALJ's finding that Dr. Bonilla's opinion related to adapting and managing oneself is inconsistent with Plaintiff's medical record, which showed she was "well able to manage herself." (AR 35.) In making such finding, Plaintiff contends the ALJ overlooked various medical records wherein Plaintiff self-reported experiencing symptoms related to her mental impairments. (ECF No. 13-16.) However, some records cited by Plaintiff purporting to show support for Dr. Bonilla's moderate limitations, including a July 2, 2021 record from Fresno County Health and a March 6, 2023 statement by Lafayette Webster, III, are records the ALJ expressly considered when summarizing the medical record. (Compare ECF No. 11 at 14-16 with AR 33.) The ALJ discussed and analyzed the medical records and provided specific examples supporting his finding that Plaintiff "was well able to manage herself." (AR

1  33, 35.) It is not this Court's function to second guess the ALJ's conclusions and substitute the
2  Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational
3  interpretation, it is the ALJ's conclusion that must be upheld." Ford, 950 F.3d at 1154 (quoting
4  Burch, 400 F.3d at 679).

5        In support of rejecting Dr. Bonilla's limitations regarding adapting and managing oneself,
6  the ALJ specifically referenced Plaintiff's self-reports in September and December 2022
7  treatment notes wherein she reported she was planning to return to school for her LVN.  (AR 35
8  (citing AR 937, 941).)  Plaintiff argues the ALJ took Plaintiff's self-reports "out of context with
9  the record as a whole."  (ECF No. 11 at 10.)  Plaintiff contends a review of the subsequent
10 treatment records documented a worsening symptomology and contain no discussion of
11 Plaintiff's return to school. (Id.) However, the ALJ reviewed each record cited by Plaintiff
12 purportedly showing worsening symptomology.  For example, Plaintiff points to December 13,
13 2022 and February 14, 2023 records by NP Pimphan, whereby Plaintiff self-reported worsening
14 symptoms, including that her mood was "alright," and she was experiencing "some depression"
15 that had "increased." (AR 925, 933.) However, the ALJ reviewed these same records and
16 specifically cited them in support of his findings that, despite the self-reports, her "[m]ental
17 status examinations were generally normal." (AR 33 (citing AR 925, 933).) Plaintiff also
18 contends the ALJ overlooked a March 6, 2023 statement from Turning Point, which also
19 purportedly evinced worsening symptomology with no mention of further schooling. (ECF No.
20 11 (citing AR 918).) However, the ALJ reviewed this record as well, as he cited it in support of
21 Plaintiff's social interaction limitation in the MRFC. (AR 31 (citing AR 918).)

22       This Court is only tasked with the limited issue of determining whether the "ALJ's
23 rationale is clear enough that it has the power to convince."  Smartt v. Kijakazi, 53 F.4th 489,
24 499 (9th Cir. 2022).  Here, the ALJ provided sufficient evidence from the record to support his
25 conclusion that Dr. Bonilla's opinion related to "adapting and managing oneself" is inconsistent
26 with Drs. Weiss and D'Adamo's findings, Plaintiff's self-reports within the medical records, and
27 the longitudinal record showing stability with medication and  normal mental status
28 examinations. (AR 33, 35.)

As to supportability, Plaintiff argues the ALJ erred by failing to perform an adequate supportability analysis when partially rejecting Dr. Bonilla's opinion. (ECF No. 11 at 12.) Plaintiff specifically contends the ALJ erred by failing to discuss how the ALJ considered any of Dr. Bonilla's objective findings and observations of Plaintiff's limitations relating to adapting and managing oneself. See 20 C.F.R. § 404.1520c(c)(1) ("Supportability examines the relevant objective medical evidence and supporting explanations presented by the source"). As stated, Defendant does not challenge Plaintiff's argument regarding supportability with respect to Dr. Bonilla's limitations related to adapting and managing oneself. Despite Dr. Bonilla's finding, the ALJ found Plaintiff's limitation in adapting and managing *improved* from the prior administrative decision. The Court finds the ALJ's discussion of Dr. Bonilla's opinion related to adapting and managing oneself appears directed solely to consistency and does not discuss the supportability factor. The Court finds the ALJ erred in not explaining how he considered the consistency *and* supportability factors for the portion of Dr. Bonilla's opinion relating to adaptability and management he found less persuasive. 20 C.F.R. §§ 404.1520c(a), (b)(2).

In short, The ALJ found Dr. Bonilla's opinion persuasive except for the portion setting limitations regarding Plaintiff's ability to adapt and manage. Thus, the ALJ accepted one or more of Dr. Bonilla's moderate limitations but failed to clearly specify which he found to be related to "applying information" or "in concentration, persistence, and pace." (AR 35.) Based upon the foregoing, the Court finds the MRFC limiting Plaintiff to only "understand[ing], remember[ing], and carry[ing] out simple and detailed work instructions" and "tolerat[ing] up to frequent interaction with coworkers, supervisors, and the public" does not account for *any* of Dr. Bonilla's moderate limitations. Assuming, at most, the ALJ accepted only Dr. Bonilla's limitation in Plaintiff's ability to perform complex tasks, such limitation is not reflected in the assessed MRFC. If the ALJ found any other portion of Dr. Bonilla's opinion persuasive, his failure to properly incorporate those limitations into the assessed MRFC constitutes error. The Court finds the ALJ further erred by failing to provide reasons, supported by substantial evidence, to reject Dr. Bonilla's opinion related to Plaintiff's limitations to adapting and managing herself.

1          Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the error is harmless. Stout, 454 F.3d at 1055-56. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determinations." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation and citation omitted). On the record before the Court, it cannot conclude the ALJ's failure to account for *any* of Dr. Bonilla's moderate limitations, despite finding one or more consistent with the overall evidence, and thus partially persuasive, was harmless. For example, if the ALJ considers the limitation related to completing a normal workday/workweek as limiting "pace," the VE testified there would be "no work" available for an individual with Plaintiff's current MRFC plus a likelihood of absence two days a month due to mental health limitations. (AR 108-09); see Slover, 2023 WL 5488416, at *5 (finding a failure to account for persuasive moderate limitations in the RFC was not harmless error because "[w]hile moderate limitations are not per se disabling, they may translate into concrete work restrictions which, when considered in connection with Plaintiff's other restrictions, may render him disabled."). Further, the ALJ's failure to consider meaningfully the supportability of Dr. Bonilla's opinion is not harmless. See Stout, 454 F.3d at 1056 (the reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination"). The Court cannot "confidently conclude" that "no reasonable ALJ" considering Dr. Bonilla's opinion could have reached a different disability determination. Accordingly, the Court finds that remand for additional proceedings is necessary.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and that this matter shall be REMANDED to the Social Security Agency for further proceedings. 42 U.S.C. 405(g). It is FURTHER ORDERED that judgment be entered in favor of Plaintiff Jaclyn Rose Cabalona Milan and against Defendant Commissioner of Social Security. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: **August 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge